UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Benjamin Pedraza III,** | ) | **CASE NO. 1:22 CV 1425** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Keith J. Foley, Warden** | ) | |
| | ) | |
| Respondent. | ) | |

### INTRODUCTION

*Pro se* Petitioner Benjamin Pedraza III filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner is incarcerated in the Grafton Correctional Institution serving a five-year sentence imposed by the Medina County Court of Common Pleas. He is asking this Court to vacate his 2019 convictions of two counts of pandering sexually oriented matter involving a minor. He claims the Common Pleas Court lacked jurisdiction to convict him and his convictions are void. For the reasons set forth below, the Petition is denied and this action is dismissed.

### BACKGROUND

On April 24, 2019, a jury found Petitioner guilty of two counts of pandering sexually oriented matter involving a minor, both second degree felonies. The trial court sentenced him

on June 13, 2019, to five years imprisonment on each count to be served concurrently, and five years of post release control.

Petitioner appealed his convictions to the Ohio Ninth District Court of Appeals. *See State v. Pedraza*, No. 19 CA 0049 (Ohio App. 9 Dist. Apr. 27, 2020). He raised two assignments of error that challenged his sentence and argued ineffective assistance of his trial counsel. The Court of Appeals affirmed his convictions and sentence. Petitioner appealed that decision to the Supreme Court of Ohio raising the same grounds. The Supreme Court declined jurisdiction to hear the case on September 1, 2020. *See State of Ohio v. Benjamin Pedraza III,* No. 2020-0832 (Ohio S. Ct. Sept. 1, 2020).

While his appeal to the Supreme Court of Ohio was pending, Petitioner filed a *pro se* Motion to Dismiss Conviction for speedy trial violations. The trial court construed the Motion as a Petition for Post Conviction relief and denied it on the basis of *res judicata*. Four months later, on October 26, 2020, Petitioner filed a Motion to Dismiss Indictment for Failure to Provide a Speedy Trial. The trial court denied the Motion without explanation. He appealed that decision to the Ohio Ninth District Court of Appeals raising two assignments of error involving the denial of speedy trial under the Sixth Amendment of the United States Constitution and under the Ohio Revised Code. *See State of Ohio v. Pedraza*, No. 20CA0067-M (Ohio App. 9 Dist. Aug. 30, 2021). The Appellate Court overruled the assignments of error on the grounds that the Motion to Dismiss Indictment constituted a second and successive post conviction petition. *Id.* He appealed that decision to the Supreme Court of Ohio asserting the proposition of law that a Defendant can assert a speedy trial claim at any time due to its constitutional importance. The Supreme Court declined jurisdiction on December 14, 2021.

**HABEAS PETITION**

Petitioner then filed the within Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 on August 11, 2022.  He does not assert any coherent grounds for relief and does not allege any facts relevant to his conviction or sentence.  The entire Petition is composed of random, incomprehensible statements that generally reference Article III of the United States Constitution.  He states he is not an artificial person and is, therefore, exempt from identification or requirements of statutes or codes.  He indicates that pursuant to God's law, the Constitution granted all people the right to be free from slavery and oppression under statutes or policies.  He contends that allegations made by the prosecutor to the warden pertained to actions that did not occur in the presence of the arresting officer and, therefore, the warden had no grounds for arrest.  He claims people are entitled to be released on recognizance bonds.  He claims the only courts authorized to hear matters pertaining to people are Article III courts.  He theorizes that state and county courts are not established by Article III and are, therefore, legislative courts, which can only render opinions on legislation.  He asserts that they cannot hear cases that pertain to individuals.  He further asserts that states cannot be parties to a lawsuit and if the state is a party, the judge must dismiss the case because it is outside of his or her jurisdiction.  He claims his conviction is void and demands that it be expunged.

**STANDARD OF REVIEW**

Promptly after the filing of a habeas corpus petition, a federal district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the District Court.  Rules Governing Habeas Corpus Cases Under Section 2254, Rule 4.  If so, the Court

must summarily dismiss the petition. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the District Court has a duty to "screen out" habeas corpus petitions that lack merit on their face). No response is necessary where a petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response. *Id*. The principle of liberal construction generally afforded *pro se* pleadings applies to habeas petitions. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

### ANALYSIS

As an initial matter, Petitioner is challenging his state court conviction under 28 U.S.C. § 2241. While § 2241 provides for general habeas relief, 28 U.S.C. § 2254 provides specific relief for prisoners challenging a state court judgment of conviction. It is a well-established rule of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one. *See Edmond v. United States*, 520 U.S. 651, 657, 117 S.Ct. 1573, 137 L.Ed.2d 917 (1997). Therefore, all petitions filed on behalf of persons in custody pursuant to state court judgments are construed under § 2254 and are subject to the various restrictions imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA) for obtaining habeas relief from a state conviction. *See Rittenberry v. Morgan*, 468 F.3d 331, 337 (6th Cir. 2006).

A federal district court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). A habeas petition under § 2254 must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Habeas Corpus Rules Governing § 2254 Cases, Rule 2(c). The pleading standard under Rule

2(c) "is more demanding" than that under Rule 8 of the Federal Rules of Civil Procedure, which governs the pleading standard in civil proceedings other than those involving habeas petitions. *Mayle v. Felix*, 545 U.S. 644, 655, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005). Therefore, in the habeas context, notice pleading does not suffice, and the petitioner must state facts that point to the real possibility of a constitutional error. *Blackledge v. Allison*, 431 U.S. 63, 76, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977) (citing Rules Governing Habeas Corpus Cases, Rule 4, advisory committee's note.) Where "it is impossible to determine from the Petitioner's pleadings the exact errors of fact or law raised for adjudication," the pleading requirements of Rule 2(c) are not met and dismissal is appropriate. *Reynolds v. Warden, Lebanon Corr. Inst.*, No. 2:19-CV-3495, 2019 WL 4862060, at *2, 2019 U.S. Dist. LEXIS 152760, at *4 (S.D. Ohio Sept. 9, 2019) (citations omitted), report and recommendation adopted, No. 2:19-CV-3495, 2019 WL 4861377, 2019 U.S. Dist. LEXIS 170829 (S.D. Ohio Oct. 2, 2019); *Roberts v. Wainwright*, No. 1:18 CV 2228, 2019 WL 2341200, at *    , 2019 U.S. Dist. LEXIS 92446, at *4 (N.D. Ohio June 3, 2019) (citing *Blackledge*, 431 U.S. at 76, 97 S.Ct. 1621).

In this case, Petitioner does not identify a proper ground for relief or state any facts in support of the Petition. His entire Petition is composed of random statements that have no apparent specific reference to his conviction or sentence. The Petition is unintelligible and this Court is unable to determine what alleged errors of fact or law are at issue for adjudication. The Petition fails to set forth a claim for habeas corpus relief that meets the pleading requirements of Habeas Corpus Rule 2(c) and dismissal is appropriate.

**CONCLUSION**

For all the foregoing reasons, Petitioner's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted, the Petition (Doc. No. 1) is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated:  10/18/22